## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN WEISS, <br><br> Plaintiff, <br><br> v. <br><br> BENEFITFOCUS, INC., DOUG A. DENNERLINE, MATT LEVIN, ALEXANDER LERNER, A. LANHAM NAPIER, JOHN PARK, CORETHA RUSHING, STEPHEN M. SWAD, BRAD WILSON, and ZEYNEP YOUNG, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Steven Weiss ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE AND SUMMARY OF THE ACTION

1.     This is a stockholder action brought by Plaintiff against Benefitfocus, Inc. ("Benefitfocus" or the "Company") and the members of Benefitfocus' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Benefitfocus to Voya Financial, Inc. ("Voya") (the "Proposed Transaction").

2.      On November 1, 2022, Benefitfocus entered into an Agreement and Plan of Merger with Voya and Origami Squirrel Acquisition Corp ("Merger Sub") (as amended on December 19, 2022, the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, Voya will acquire Benefitfocus for $10.50 in cash per share of Benefitfocus.

3.      On December 19, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Benefitfocus stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the financial projections for Benefitfocus; and (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Barclays Capital Inc. ("Barclays").

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Benefitfocus stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for Benefitfocus stockholders to vote on the Proposed Transaction is currently scheduled for January 20, 2023.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Benefitfocus' other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.  Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Benefitfocus' common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of shares of Benefitfocus common stock.

10.      Defendant Benefitfocus is a Delaware corporation, with its principal executive offices located at 100 Benefitfocus Way, Charleston, South Carolina 29492.  Benefitfocus' shares trade on the Nasdaq Global Market under the ticker symbol "BNFT."

11.      Defendant Doug A. Dennerline has been Chairman of the Board and a director of the Company at all relevant times.

12.      Defendant Matt Levin has been President, Chief Executive Officer and a director of the Company at all relevant times.

13.    Defendant Alexander Lerner has been a director of the Company at all relevant times.

14.    Defendant A. Lanham Napier has been a director of the Company at all relevant times.

15.    Defendant John Park has been a director of the Company at all relevant times.

16.    Defendant Coretha Rushing has been a director of the Company at all relevant times.

17.    Defendant Stephen M. Swad has been a director of the Company at all relevant times.

18.    Defendant Brad Wilson has been a director of the Company at all relevant times.

19.    Defendant Zeynep Young has been a director of the Company at all relevant times.

20.    Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

21.    Benefitfocus provides cloud-based benefits management technology solutions for employers and health plans in the United States.  Benefitfocus offers products for employers, health plans and brokers.  The Company's products for employers include Benefitplace, a cloud-based benefits management portal that streamlines online enrollment, employee communication, and benefit administration; Health Insights, a data analytics solution; ACA Management and Reporting, a solution for employers to manage ACA compliance; Billing & Payments, an application that synchronizes enrollment and billing information to streamline the monthly billing process, automate adjustments, and enhance accuracy of payments; and COBRA Administration,

a solution that simplifies management of Consolidated Omnibus Budget Reconciliation Act benefits. Its products for health plans include Enrollment that provides platform for carriers to automate enrollment across all segments of their commercial group business; Billing & Payments, an electronic invoice presentment and payment solution; Exchange, a solution that bridges the integration gap between health plan and employer systems; and Quoting that gives health plans and brokers tools to organize and proactively manage accounts, track leads, generate quotes, and create proposals for multiple products. Benefitfocus' products for brokers include Health Insights that support strategic decisions for their clients with on-demand health plan analytics; Benefit Catalog, which allows brokers to offer products to their clients; and benefit catalog consultative support for brokers through benefit advisors.

**The Proposed Transaction**

22.    On November 1, 2022, Benefitfocus announced that it had entered into the Proposed Transaction, stating, in relevant part:

> NEW YORK & CHARLESTON, S.C.--(BUSINESS WIRE)--Voya Financial, Inc. (NYSE: VOYA), a leading health, wealth and investment company, and Benefitfocus, Inc. (NASDAQ: BNFT), an industry-leading cloud-based benefits administration technology company that serves employers, health plans and brokers, today announced that the companies have entered into a definitive agreement for Voya to acquire Benefitfocus.
>
> Under the terms of the agreement, Voya will acquire all outstanding shares of Benefitfocus common stock for $10.50 per share in an all-cash transaction valued at approximately $570 million, inclusive of Benefitfocus debt and outstanding preferred shares.
>
> Benefitfocus serves the leading brokerage and consulting firms in the health and benefits industry and, through its employer and health plan customers, touches more than 25 million lives on its platform. Combined with its own existing workplace customers, Voya will now serve approximately 38 million individuals or roughly one in 10 Americans following completion of the acquisition.
>
> "Our acquisition of Benefitfocus is an exciting opportunity to accelerate our workplace-centered strategy and increase our capacity to meet the growing demand

for comprehensive benefits and savings solutions at the workplace," said Heather Lavallee, president and CEO-elect, Voya Financial, Inc. "Benefitfocus' exceptional talent, strong capabilities, and extensive reach across the benefits industry will expand Voya's ability to deliver innovative solutions for employers and health plans, and help improve the financial, physical, and emotional wellbeing of their employees and members. At the same time, Voya's technology resources, digital capabilities, and operational expertise will add tremendous value to Benefitfocus as it seeks to accelerate its growth and delivery of world-class services to more clients and partners."

"We are excited to become part of Voya – bringing Benefitfocus' portfolio of innovative solutions and services to support the health and wellbeing of more customers through the creation of an end-to-end continuum of offerings across health, wealth and investment," said Matt Levin, president and CEO, Benefitfocus. "This transaction delivers significant and immediate value for our shareholders, broader opportunities for our associates, and strengthens our go-to-market offering with Voya's platform of workplace-centered services and solutions."

**Transaction benefits for clients and intermediaries**
Voya recognizes the importance of maintaining and expanding the freedom of choice that employers and intermediary partners have today when selecting the benefit options that are right for their employees and clients. Benefitfocus will operate as a distinct business under Voya's ownership, with continuity in the existing Benefitfocus management team and a reaffirmed commitment to Benefitfocus' broker, advisor, and carrier relationships.

"This acquisition allows us to expand our capabilities and insights for our customers, while preserving the strength and breadth of our distribution reach," said Rob Grubka, CEO, Health Solutions, Voya Financial, Inc. "Our commitment to an open-architecture, product-agnostic approach at Benefitfocus, and to maintaining strategic partnerships with both clients and intermediaries, is unwavering. Voya will continue to offer valuable and competitive benefit products and solutions, and we will do so across industry platforms and in partnership with brokers.

"The capabilities and expertise that we gain with Benefitfocus as part of the Voya family will allow us to better serve other benefits administration providers; help brokers with their value proposition to employers; and create powerful, connected experiences with customers and partners across the workplace benefits industry," added Grubka.

**Financial highlights and terms**
In addition to its significant strategic benefits, the transaction is expected to be immediately accretive, on a cash basis, to Voya's adjusted operating earnings per share relative to buybacks and before any future revenue synergies are considered[1]. The transaction — which represents a purchase price premium of approximately 49% over Benefitfocus' closing stock price as of Oct. 31, 2022 — was unanimously

approved by Benefitfocus' board of directors, is expected to close in the first quarter of 2023, and is subject to customary closing conditions, including approval by Benefitfocus' shareholders.

"Importantly, this transaction aligns with and supports Voya's commitment to pursuing acquisitions that are both highly strategic and also accretive relative to share repurchases. We continue to prioritize disciplined capital management and deployment in support of our growth plans and to create greater value for all of our stakeholders. Following the completion of the transaction, we will continue to pursue capital deployment actions that build upon our track record of delivering strong value and returns for our shareholders," added Lavallee.

Voya plans to provide further details on the transaction during its third-quarter 2022 earnings call on Wednesday, Nov. 2, 2022, at 10 a.m. ET. The call can be accessed via the company's investor relations website at investors.voya.com. A replay of the call will be available on the company's investor relations website at investors.voya.com starting at 1 p.m. ET on Nov. 2, 2022.

Perella Weinberg Partners LP is serving as financial advisor, and Cleary Gottlieb Steen & Hamilton LLP is serving as legal counsel to Voya in connection with this transaction. Barclays served as financial advisor, and Sullivan & Cromwell LLP served as legal counsel to Benefitfocus.

**The Materially Incomplete and Misleading Proxy Statement**

23.     On December 19, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Benefitfocus stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for the Company; and (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Barclays.

*Material Misrepresentations and/or Omissions Concerning Financial Projections for Benefitfocus*

24.     The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

25.     For example, with respect to the Company's "Management Case," "Alternative Case 1" and "Alternative Case 2," the Proxy Statement fails to disclose all line items underlying (i) Adjusted EBITDA; and (ii) Unlevered Free Cash Flow, to the extent applicable.

26.     The Proxy Statement further fails to disclose the Company net operating loss projections prepared by Benefitfocus' management and relied upon by Barclays in connection with its fairness opinion.  *See* Proxy Statement at 69.

*Material Misrepresentations and/or Omissions Concerning Barclays' Financial Analyses*

27.     The Proxy Statement fails to disclose material information concerning Barclays' financial analyses.

28.     With respect to Barclays' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the projection metric utilized to derive the terminal value and quantification thereof; (ii) the Company's terminal value; (iii) the inputs and assumptions underlying the discount rates ranging from 11.0 % to 13.0%; and (iv) the present value of tax savings post-2026 from Benefitfocus' net operating losses.

29.     With respect to Barclays' *Selected Comparable Company Analysis* and *Selected Precedent Transaction Analysis*, the Proxy Statement fails to disclose the individual financial metrics for each of the selected company and transactions analyzed by Barclays, respectively.

30.     With respect to Barclays' *Illustrative Future Share Price Analysis*, the Proxy Statement fails to disclose the inputs and assumptions underlying the discount rates of 15.0 %.

31.     With respect to Barclays' *Equity Research Target Prices Review*, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

32.     With respect to Barclays' *Precedent Transactions Premium Paid Analysis*, the Proxy Statement fails to disclose: (i) the identities of the companies analyzed; and (ii) the individual premiums observed for each company analyzed by Barclays.

33.     In sum, the omission of the above-referenced information renders statements in the "Financial Forecasts and Financial Projections" and "Opinion of Benefitfocus's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Benefitfocus will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Benefitfocus**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Benefitfocus is liable as the issuer of these statements.

36.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of Benefitfocus within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Benefitfocus and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

46.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Benefitfocus, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction,

including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

      B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.    Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

      D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:  December 20, 2022            **ACOCELLI LAW, PLLC**


      By  */s/ Richard A. Acocelli*
          Richard A. Acocelli
          33 Flying Point Road, Suite 131
          Southampton, NY 11968
          Tel: (631) 204-6187
          Email: racocelli@acocellilaw.com

          *Attorneys for Plaintiff*